## CIRCUIT COURT OF BALTIMORE CITY

Filed January 22, 1890.

AMEY
VS.
COCKEY.

*S. S. Field* for plaintiff.

*Hinkley & Morris* and *F. W. Story* for defendant.

DENNIS, J. (Memorandum report)—

In this case, after the hearing, the Court intimated an opinion, that the plaintiff had not satisfactorily established the exact date of her birth—the main fact upon which the whole theory of her case rested. After the lapse of several days, but before the Court had filed its written opinion, her counsel petitioned to be allowed to introduce new and additional testimony upon the point setting forth in the petition the character and substance of the testimony. In its opinion upon the whole case, the Court at the same time passed upon this petition and refused its prayer, upon the ground that the testimony proposed was of so unsatisfactory and speculative a character that, if it had been introduced, it would not have strengthened the plaintiff's case. After this opinion had been filed, which disposed of the whole case, the plaintiff made a second application to re-open the case in order to introduce additional testimony upon the *same point*, setting forth the character and substance of the testimony proposed to be introduced. It is apparent from the face of the papers that *the most material fact of this evidence* was in the possession of the plaintiff before the Court had passed upon her first application, and no reason whatever is given why she did not then bring it to the Court's attention; all of the evidence was readily obtainable *before the hearing*, and when the testimony was being regularly taken, before the examiner, had even a slight degree of diligence been exercised.

I think the rule required that upon a *second application*, at least, made after the hearing and after the final decision of the case, a reasonable degree of diligence in the endeavor to obtain the evidence earlier must be shown, and its non-production at the regular time be satisfactorily accounted for.

Neither of these conditions have been satisfactorily complied with in the present case and the petition must therefore be overruled.